UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 OCT -3  PM 3: 56

SIGN_____
BY DEPUTY CLERK

| | |
|---|---|
| JOHN W. NOVAK, JR. | : |
| | : CIVIL ACTION NO. 06-754-JJB-CN |
| PLAINTIFF | : |
| | : |
| VERSUS | : JUDGE |
| | : |
| | : |
| ALMATIS INC., ALMATIS | : MAGISTRATE JUDGE |
| HOLDING B.V., AND ALMATIS | : |
| HOLDINGS 5 B.V. | |
| | |
| DEFENDANTS | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, John W. Novak, Jr., a citizen of Louisiana ("Novak" or "Plaintiff"), who, by way of Complaint, alleges the following:

1.

Made defendants herein are:

**Almatis, Inc.** a Delaware corporation, with it principal place of business in Leetsdale, Pennsylvania ("Almatis");

**Almatis Holding B.V.**, who, upon information and belief, is a Dutch corporation, with its principal place of business in Rotterdam, the Netherlands ("Almatis Holding"); and

**Almatis Holdings 5 B.V.**, who, upon information and belief, is a Dutch corporation, with its principal place of business in Rotterdam, the Netherlands, ("AH5").

373500v.3

JP, Summons Issued (3)

2.

This Court has jurisdiction of the subject matter under 28 USC § 1331, 28 USC § 1332, and 28 USC § 1367.

3.

Venue is proper in this Court under 28 USC § 1391 and 15 USC § 78aa.

4.

Novak and Almatis entered into an employment agreement on June 7, 2004, under which Novak became a salaried employee of Almatis effective March 1, 2004 (the "Employment Agreement"). Novak, at all relevant times, worked at the Almatis plant in Port Allen, Louisiana.

5.

As a member of the Management team of Almatis and because of the rights granted Novak in the Employment Agreement, Novak was eligible for, and in fact participated in, the Almatis Group Management Equity Plan (the "Plan").

6.

Novak and Almatis Holding entered into an "Option Agreement (United States of America) pursuant to the Employee Option Rights over B Shares in Almatis Holding B.V." (the "Option Agreement") on March 17, 2005. Under the Option Agreement, Novak was granted a Tier I Option for 800 B shares and a Tier II Option for 400 B shares, for a total of 1,200 B shares. The Option was granted effective March 1, 2004.

7.

In accordance with the Option Agreement, the Options granted Novak vested between the period of March 1, 2005 and March 1, 2009, unless certain other events accelerated their

373500v.3

vesting. Every March 1, from 2005 through 2009, 160 Tier I options and 80 Tier II options vested. However, due to the actions of Almatis, Almatis Holding and AH5 described below, all of Novak's Tier I and Tier II options vested.

8.

On September 7, 2005 Almatis sold a subsidiary, Almatis AC, Inc., to Engelhard Corporation. Novak, as an employee of Almatis, worked in this subsidiary. This subsidiary was the adsorbents and catalysts division of Almatis, and Novak, as one of the world's foremost authorities on the use of aluminas in adsorbent and catalysts applications, was placed in this division prior to its sale due to the increased sales price his presence would bring for the division.

9.

Upon the sale of the division, Novak was forced to sell his shares and take less than the compensation guaranteed him under the Option Agreement and Plan for his vested options. Further, Almatis and its employees deceived Novak by indicating that he was being treated the same way as other participants in the Plan.

10.

Specifically, the Compensation Committee decided to vest the unvested options of all participants, while at the same time employees of Almatis indicated to Novak both in verbal and written communications that only 240 of his options were vested. Employees of Almatis, specifically Marion Dedora and Nick Elliot, deceived Novak into believing that the Compensation Committee had only vested 240 of his options, while simultaneously therewith, but unbeknownst to Novak, the CEO of Almatis sent him a written communication stating all his shares were vested.

- 3 -

373500v.3

11.

Before Novak received the correspondence from the Almatis CEO, Marion Dedora and Nick Elliot deceived him into signing a power of attorney granting the company the authority to sell his shares.

12.

Pursuant to the above mentioned power of attorney, on or about March 2, 2006, a "Deed of Issuance of Shares and Sale and Transfer of Shares" was entered into. In that agreement Novak was issued 240 shares in Almatis Holding and simultaneously therewith sold those shares to AH5. At all relevant times, Almatis was acting as the Agent of Almatis Holding and AH5.

13.

Under the terms of the agreement and due to the action taken by the Compensation Committee and other employees of Almatis, Almatis is indebted to Novak for the full sum of the value of the 960 B shares it improperly denied him.

14.

Further, Almatis is indebted to Novak for the value of the B shares Almatis conceded he owned as of the date it declared him a Good Leaver, rather than the value of the shares on March 2, 2006, which is when Almatis actually tendered payment to Novak for the shares it did not improperly deny him.

373500v.3

- 5 -

## COUNT I

**Violation of Securities Exchange Act of 1934, 15 USC § 78j, and Violation of Rule 10b-5, 17 C.F.R. § 240.10b-5**

15.

Almatis, Almatis Holding, and AH5 have employed the jurisdictional means of the United States, though use of the mail, telephone, and other systems.

16.

The manipulation and deception of Almatis, Almatis Holding, and AH5 were in connection with the purchase and sale of securities.

17.

Novak actually sold shares of stock and stock options due to the manipulative and deceptive devices employed by Almatis, Almatis Holding and AH5.

18.

Almatis, Almatis Holding and AH5 intended to deceive and manipulate Novak into selling his shares and relinquishing his options by making untrue statements and by omitting material facts necessary in order to make the statements made not misleading. These false statements include the misrepresentations that Novak had no rights under the Employment Agreement, Plan, and Option Agreement; that Almatis and Almatis Holding did not vest all options of other employees under the Plan; that Almatis and Almatis Holding could revoke all vested options of Novak at their discretion; and that the Compensation Committee did not vest all option of Novak when in fact it had decided to vest all his options.

19.

The misrepresentations and omissions of facts by Almatis, Almatis Holding and AH5 materially effected the actions of Novak.

20.

Novak relied on the statements and omissions of Almatis, Almatis Holding and AH5 in the sale of his stock and stock options. The actions of Almatis, Almatis Holding, and AH5 caused the transaction and resulting loss of Novak, and have damaged him.

21.

Due to these acts, Almatis, Almatis Holding, and AH5 are liable to Novak for violations of Section 10 of the Securities Exchange Act of 1934, 15 USC § 78j, and for violation of Rule 10b-5, 17 C.F.R. § 240.10b-5.

## COUNT II

### State Law Breach of Contract

22.

Almatis and Almatis Holding have breached their agreements with Novak regarding his employment and his stock options.

23.

Almatis and Almatis Holding had an obligation under the Plan and Option Agreement to pay for and issue all of Novak's vested options when the options of others in the management team had their vested options paid. By failing to do so, Almatis and Almatis Holding breached their contractual obligation with Novak.

373500v.3

## COUNT III

### State Law Delictual Action

24.

Almatis, Almatis Holding and AH5 are liable to Novak for fraud. They had a duty to Novak not to misrepresent their actions concerning the Plan and Option Agreement.

25.

Their fraudulent representations to Novak concerning his rights under the Plan and Option Agreement resulted in significant monetary damage to Novak.

## COUNT IV

### Breach of Fiduciary Duty

26.

Due to the power of attorney Novak signed granting Loyens and Loeff, N.V., the attorneys representing Almatis, the right to vote his shares, Almatis owed a fiduciary duty to Novak.

27.

Almatis breach their fiduciary duty by misleading Novak and failing to take actions in his best interest. This breach resulted in damage to Novak, and for this Almatis is liable to Novak.

## COUNT V

### Louisiana Securities Law

28.

Almatis, Almatis Holding and AH5 actions subject them to liability under the Louisiana Securities Law, La. R.S. 51:701 *et. seq.*

29.

Almatis, Almatis Holding and AH5 are liable under La. R.S. 51:714 for the value of the stock options and shares, as well as court costs and attorney's fees.

**WHEREFORE,** John W. Novak prays, that after service be made and due proceedings had, there be judgment rendered in his favor, awarding all such damages as are reasonable in the premises, the vesting of the remaining 960 B shares, that those shares be valued as of September 7, 2005, and that defendants pay for all such shares in cash, plus all court costs and attorney's fees and such further relief as is just and equitable under the circumstances.

                                    **TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.**

                                    By_____

                                          **Fredrick R. Tulley (#7534)**
                                          **Matthew L. Mullins (#29998)**
                                          **451 Florida Street, 8th Floor**
                                          **P.O. Box 2471**
                                          **Baton Rouge, LA  70821**
                                          **Phone: 225-387-3221**
                                          **Fax: 225-346-8049**
                                        *Attorneys for John W. Novak*

373500v.3

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John W. Novak, Jr.

## DEFENDANTS
Almatis, Inc., Almatis Holding B.V., and Almatis Holdings 5 B.V.

(b) County of Residence of First Listed Plaintiff: **East Baton Rouge Parish**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fredrick R. Tulley and Matthew L. Mullins; Taylor, Porter, Brooks & Phillips LLP, P. O. Box 2471, Baton Rouge, LA 70821, 387-3221

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC Section 1332 and 15 USC Section 78**
Brief description of cause: **Securities Fraud**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/03/06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # 4699004228  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____